## Beverly Moore and Vermont Welfare Rights Organization v. William A. Gilbert, Chairman of the Public Service Board, et al.

[310 A.2d 27]

No. 186-73

Present: Barney, Smith, Keyser and Daley, JJ. and Underwood, Supr. J.

Opinion Filed October 2, 1973

*Mary Just Skinner, Esq.*, Vermont Legal Aid, Inc., Montpelier, and *Thomas L. Hayes, Esq.*, Burlington, *amicus curiae*, for Plaintiff.

*Averill Laundon,* General Counsel, for Vermont Public Service Board.

*Ryan, Smith & Carbine,* Rutland, and *Donald L. Rushford, Esq.,* Rutland, for electric companies.

**Per Curiam.** On January 19, 1973, a "Petition for Adoption of Rule providing for Purchase Power and Fuel Adjustment Clause" was filed with the Public Service Board by practically all the Vermont electric utility companies. After assuming jurisdiction of the matter, the Public Service Board held hearings. As a result thereof, the Public Service Board issued its General Order No. 55 which, in essence, approved a purchase power and fuel adjustment clause. This clause provided that any electric utility under the jurisdiction of the Board could implement the clause by filing a modified purchase power clause tariff. This Order was appealed for the Public by its attorney, and such appeal is now pending before this Court.

On June 10, 1973, the plaintiff in this action, Vermont Welfare Rights Organization (V.W.R.O.), filed a Complaint and Petition for Declaratory Judgment and Injunctive Relief in the Washington County Court. An answer and various motions were filed by the various defendant electric utility companies. Attached to the answer were memoranda of law and the record of the proceedings before the Public Service Board.

Hearings were held in June, July, and August. On August 20, 1973, the presiding Judge of the Washington County Court ruled that its jurisdiction was limited to the legal question of whether the Public Service Board has the power to issue General Order No. 55. On September 5, 1973, the presiding Judge filed conclusions of law in which he concluded that General Order No. 55 was invalid because it contained matters not permitted by the Administrative Procedure Act. The conclusions made no mention of the prayer for injunctive relief. The utilities took an appeal to this Court, which appeal is now pending. The utility companies continued to implement General Order No. 55 and to collect rates in accordance with the tariffs so filed.

On September 7, 1973, the plaintiff, V.W.R.O., filed a motion for an injunction restraining the various electric utility com-

panies from collecting any tolls levied pursuant to General Order No. 55, and ordering the defendant companies to return all sums collected so levied. The hearing for an injunction was held on September 10, 1973, and Chief Superior Judge Hill issued an Order which granted the motion for an injunction during the pendency of the appeal and waived the requirement of a bond being posted by the plaintiff. On the same day, the defendant electric utility companies moved this Court for an order suspending the injunction pending a final determination by this Court of the main appeal. It is only with this motion that we are now concerned, for all other questions will be presented here at the time of hearing of the main appeal and will then be decided by this Court.

The appellant electric utility companies have brought this motion for order pending appeal under the provisions of V.R.A.P. 8. The appellee, the Vermont Welfare Rights Organization, asserts that the electric companies have not complied with the requirements of V.R.A.P. 8, and that, therefore, their motion should be dismissed. We first address ourselves to this question which goes directly to the jurisdiction of this Court to entertain the motion.

Under the provisions of V.R.A.P. 8, it is plainly stated that a stay of injunction pending appeal must ordinarily be brought in the first instance in the county or district court. The exception provision states:

> "A motion for such relief may be made to the Supreme Court or to a justice thereof, but the motion shall show that application to the county or District court for the relief sought is not practicable, or that such court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by such court for its action. The motion shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the motion shall be supported by affidavits or other sworn statements or copies thereof."

There is no dispute but that the electric utility companies did not apply for an order to the county court to stay that injunction pending the appeal prior to its motion made to this Court. Nor does the motion for relief here show that appli-

cation to the court for the relief sought would not be practicable or that such court had denied such an application. The appellant electric utilities, in fact, did not brief the question presented. In oral argument it was stated that seeking a stay of the injunction from the county court from which it issued would be an exercise of futility. The reason given was that the Judge who had granted the injunction on the very day in which the defendants made their motion here would be unlikely to modify the injunction. Nevertheless, on the day following their motion for a stay of the execution in this Court, the defendant utilities did make a similar motion to the county court which had issued the injunction. It is obvious on the face of the motion for the relief sought by the defendant companies that they did not comply with the provisions of V.R.A.P. 8. While this Court does not require a futile action upon the part of a litigant, there is nothing before us to show that if the motion for an order staying the execution had been made to the county court that it would have been heard by the same presiding Judge who issued the injunction.

■ However, despite this obvious failure of the defendant utility companies to comply with V.R.A.P. 8, the injunctive order as granted leads to a confusing and discriminating situation, relative to both the electric utility companies and to the general public. For this reason, in the interests of justice, and also in consideration of the practical fact that we have already heard lengthy oral argument on the issue, we invoke the powers granted under V.R.A.P. 2. Upon our own motion we suspend the requirements and provisions of V.R.A.P. 8 to prevent a manifest injustice.

The only plaintiff seeking injunctive relief below was the Vermont Welfare Rights Organization. Neither was the public joined as plaintiff to the action, as the lower court might have done under its own powers under V.R.C.P. 19, nor by request of the attorney for the public, who was present as *amicus curiae* at the hearing below.

The motion for the injunction by plaintiff V.W.R.O. was to restrain the defendants from imposing or collecting any charges or tolls pursuant to authorization contained in General Order No. 55 from the plaintiff.

The injunctive relief granted only the motion of the plaintiff. While the attorney for the public did voice his agreement with the assertions in the petition of the plaintiff, as we have before noted the public was not joined as a plaintiff in the action.

The effect of the injunction granted was an order which enjoined the electrical utility companies from collecting rates or tolls from the membership of V.W.R.O., such membership not being enumerated or named, under General Order No. 55. But the injunction does not prohibit the collecting of the rates and tolls under General Order No. 55 from that large majority of the general public who are users of electrical energy, but are not members of the plaintiff organization.

The effect of the present injunction is to grant preferential treatment to the plaintiff and its membership. We find no authority in our statutes to compel a utility to be ordered to grant a reduced rate to a certain minority group of its customers. Such an injunction is discriminatory and must be held for naught. *Rhode Island Consumers' Council* v. *Smith*, 302 A.2d 757, 775 (R.I. 1973) ; *New England Telephone & Telegraph Co.* v. *City of Brockton*, 332 Mass. 662, 669–70, 127 N.E.2d 301, 305 (1955).

*The injunction is dissolved. The cause is remanded for further proceedings not inconsistent with the views expressed herein.*